### NORTHERN IOWA GAS & ELECTRIC CO. v. INCORPORATED TOWN OF LUVERNE, IOWA.

(District Court, N. D. Iowa, C. D.    January 28, 1920.)

No. 28.

CONTRACTS ☞10(1)—CONTRACT TO FURNISH ELECTRICITY VOID FOR LACK OF MUTUALITY.

A contract by which an electric company agreed to furnish a town for a term of years all the electricity and current that should be desired, to be paid for by meter measurement, but by which the town assumed no obligation to purchase any definite quantity of current, *held* void for lack of mutuality.

In Equity. Suit by Northern Iowa Gas & Electric Company against Incorporated Town of Luverne, Iowa. On motion to strike out answer. Sustained.

See, also, 257 Fed. 818.

Price & Burnquist, of Ft. Dodge, Iowa, for plaintiff.

Grimm, Wheeler, Elliott & Jay, of Cedar Rapids, Iowa, for defendant.

REED, District Judge. This proceeding is a continuation of the proceedings upon the application of the plaintiff for a temporary injunction, decided on May 26, 1919, reported in 257 Fed. at page 818, to which reference is now made for a statement of the case and the questions involved, without repeating them here.

After the decision upon such application, the defendant on June 17, 1919, filed an answer to the petition setting forth at length various alleged defenses to the petition, all of which were set forth in substance upon the hearing of the application for the temporary injunction, to which the plaintiff, for the purpose of testing the sufficiency of the various allegations of the answer as a defense to its petition, moved to strike out or dismiss the allegations of said answer under the present equity rules Nos. 29, 33 (198 Fed. xxvi, xxvii, 115 C. C. A. xxvi, xxvii), and perhaps others of such rules, and in effect asked for a rehearing and readjudication of such application.

The preliminary injunction was granted after a full hearing of both parties upon the merits, and upon the ground that the contract between the parties relied upon on such hearing, and now relied upon in this application, is void for lack of mutuality, and affords no ground for relief to the defendant. The contract or agreement between the

parties is set forth in full in the plaintiff's petition, to which reference should be made for the entire agreement, for such bearing as it may have, one clause of which, omitted from the opinion in 257 Fed. 818, reads as follows:

"Should the company, their successors or assigns, fail or refuse to furnish such electricity then stipulated damages in the sum of ten dollars per day shall be paid by it to the town for each day thereof during which it shall fail or refuse to furnish such electricity. But in the case of the happening of an unavoidable casualty or contingency not due to the negligence of the company, or against which the company cannot with reasonable diligence provide, then such stipulated damages shall not obtain for a period of thirty-six hours after the happening thereof and a sufficient number of hours in addition to all for the repair of the matter; and in case the service shall be interrupted by reason of fire or tornado or wind, then such damages shall not be collectible until a reasonable length of time shall have been allowed the company to repay the damages."

The answer as thus assailed by the plaintiff repeats and reiterates the same defenses urged to defeat the preliminary injunction, without alleging any new or other grounds of defense than those urged upon the original hearing, unless it may enlarge some of the allegations originally urged against the granting of the temporary injunction.

The Court of Appeals may, if it shall be so advised, overrule its former decision, upon which the preliminary injunction was granted; but until it shall do so this court feels that it is bound by the former decision of that court. The plaintiff's motion to strike out defendant's said answer will be sustained upon the ground that it alleges no defense to the plaintiff's cause of action, and the order granting the temporary injunction will be reaffirmed, and a decree may be prepared accordingly, to which the defendant is given an exception.

Ordered accordingly.